UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAWN HENRY ABBOTT,<br><br>　　　　Defendants. | Case No. 20-cr-40046-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on the Government's unopposed motion for leave to supplement the record on appeal with a Victim Impact Statement prepared by the victim's father (Doc. 53).

　　The record on appeal in all cases consists solely of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Generally, modification of a record on appeal is not permitted. "The appellate stage of the litigation process is not the place to introduce new evidentiary materials." *Berwick Grain Co. v. Ill. Dep't of Ag.*, 116 F.3d 231, 234 (7th Cir. 1997); *accord McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997) ("Evidence that was not proffered to the district court in accordance with its local rules is not part of the appellate record; it has no place in an appellate brief."). The Seventh Circuit has explained why a party may not supplement the record on appeal with evidence that the district court did not consider: "The parties may rely on appeal only on materials furnished to the district judge. Otherwise they deprive the opposing party of an opportunity to comment on them and the district judge of an opportunity to evaluate their significance." *Henn v. Nat'l Geo. Soc'y*, 819 F.2d 824, 831 (7th Cir. 1987).

Rule 10(e) is a limited exception to the general rule forbidding modification of the record on appeal.  It allows correction or modification "[i]f any difference arises about whether the record truly discloses what occurred in the district court[.]"  Fed. R. App. P. 10(e)(1).  When it arises, "the difference must be submitted to and settled by [the district] court and the record conformed accordingly."  *Id.*  "This rule is meant to ensure that the record reflects what really happened in the district court, but 'not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment.'"  *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005) (quoting *United States v. Elizalde-Adame,* 262 F.3d 637, 641 (7th Cir. 2001)).  However, where the record accurately reflects district court proceedings, Rule 10(e) is not applicable.  *See, e.g., Elizalde-Adame*, 262 F.3d at 641.

Here, both parties referenced the Victim Impact Statement at the disposition, and the Court considered it when deciding the sentence to impose.  Nevertheless, the statement does not appear in the record of this case as it currently exists.  Because addition of the statement to the record and inclusion of that statement in a supplemental record on appeal is necessary to fully disclose what occurred in before the Court, the Court **GRANTS** the motion (Doc. 53) and **DIRECTS** the Clerk of Court to prepare a supplemental record on appeal that includes the sealed Victim Impact Statement attached to the Government's motion (Doc. 53-1).

**IT IS SO ORDERED.**
**DATED:  October 6, 2021**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**